### Jesse P. LONG

v.

### D. Bruce TRAINOR, et al.

### Civ. A. No. 82–3624.

United States District Court,
E.D. Pennsylvania.

May 7, 1984.

Sherrie R. Savett, Berger & Montague, P.C., Stuart H. Savett, Kohn, Savett, Marion & Graf, P.C., Philadelphia, Pa., for plaintiff.

Patrick W. Kittredge, Kittredge, Kaufman & Donley, Philadelphia, Pa., for defendants D. Bruce Trainor and Thomas F. Gill, Jr.

Jeffrey G. Weil, Dechert, Price & Rhoads, Philadelphia, Pa., for defendant Coopers & Lybrand.

Winston J. Churchill, Jr., Saul, Ewing, Remick & Saul, Philadelphia, Pa., for defendant Omni Exploration, Inc.

Irving R. Segal, Carl A. Solano, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendant Merrill Lynch, Pierce, Fenner & Smith, Inc.

Scott D. Patterson, Saul, Ewing, Remick & Saul, Philadelphia, Pa., for defendants Vincent T. Dolan, C. Warren Trainor, John Raezer, David D. Gathman, Robert L. Hogarth, World Resources Corp., Omni Petroleum, Inc., and Omni Petroleum Co.

## MEMORANDUM

LUONGO, Chief Judge.

This securities litigation was filed in August, 1982 by plaintiff seeking to represent approximately 4,700 persons[1] who tendered their interests in several oil and gas programs or drilling partnerships pursuant to a 1981 Exchange Offer in return for shares of the common stock of Omni Exploration. Defendants are Omni Exploration; certain of its affiliates or subsidiaries; Merrill Lynch, Pierce, Fenner & Smith, Inc., the dealer-manager of the Exchange Offer; and certain officers and/or directors of Omni, principally D. Bruce Trainor and Thomas F. Gill, Jr. Plaintiff alleged that the Prospectus for the Exchange Offer was false and misleading in its gross overvaluation of the assets owned by the individual defendants and undervaluation of the proposed class of plaintiffs' interests. As a consequence, plaintiffs received a disproportionately smaller number of shares and these defendants a larger number than they would otherwise be entitled to. Plaintiff also alleged that the Prospectus contained material misrepresentations and

---

1. A class was certified in January 1984 solely for purposes of the proposed settlement.

omissions relating to the forecast of Omni Exploration's future net revenues.

■ Currently before me is plaintiffs' Request for Approval of the Proposed Settlement and counsels' Petition for Attorneys' Fees and Reimbursement of Expenses. While at first examination the terms of the proposed settlement appear meager, I am convinced that when considered in light of current circumstances, the settlement is fair, reasonable and adequate. Under the proposed terms, the class will receive 175,000 shares of Omni Exploration's common stock plus warrants for the purchase of 175,000 additional shares at $2.00 per share within the first twelve months and at $4.00 per share during the next twelve months after settlement. It is agreed by all parties that the current value of a share of Omni Exploration is less than $1.00. The settlement also includes a cash fund of $150,000 from which the attorneys' fees and the litigation expenses will be paid.

■ In considering the fairness of a proposed settlement, some of the factors to be considered are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir.1975).

Of particular relevance in this case is the financial status of three of the major defendants. Trainor and Gill have lost their Omni stock in a default on certain loans made to Omni. They have been represented to be virtually judgment-proof. In addition, Omni Exploration filed a petition pursuant to Chapter 11 of the Bankruptcy Act.

A Reorganization Plan including provision for this settlement was approved on January 31, 1984.

Plaintiffs' attorneys assert further that, after discovery and investigation, they have determined that the only financially responsible defendant, Merrill Lynch, has several meritorious defenses and it would be unlikely that plaintiffs would prevail against this defendant. Plaintiffs therefore face considerable difficulty in securing a judgment against a defendant capable of paying it.

■ In evaluating the worth of the proposed settlement, I have also considered plaintiffs' counsel's assertion that the reorganized Omni Exploration is more financially stable than its predecessor and that there is potential for an increase in value of the stock of Omni Exploration. For all these reasons, I have approved the proposed settlement.

Plaintiffs' attorneys have also submitted a petition for attorneys' fees of $137,182.33 plus reimbursement for expenses of $12,817.67 which equals $150,000, or the total cash portion of the proposed settlement. While I have no question about the reimbursement of expenses, the amount of the attorneys' fees initially gave me pause, both in terms of the amount as it relates to the value of the settlement and in terms of the hourly rates charged by several of the attorneys. In particular, I thought the $180/hour rate charged by plaintiffs' lead counsel was high for an attorney in practice only eleven years, despite her obvious competence and experience. I also questioned the $110/hour rate for the attorney with the greatest time spent on this project, a six-year associate. All plaintiffs' counsel, however, have made their own adjustments to their usual fees because of the size of the cash portion of the settlement. They have reduced the total amount of their lodestar claim of $167,186.50 by 18% to $137,182.33 so that this amount plus expenses equals the $150,000 cash portion of the settlement. The hourly rates are thereby reduced to $147.60 and $90.20.

With this modification, I find the rates charged to be acceptable and the number of hours devoted by each of the attorneys to be reasonable.

I have considered the possibility of requiring counsel to accept part of their fee in stock, so that the class members would receive a portion of the settlement in cash. Plaintiffs' counsel points out, quite accurately, that even if the class members were to receive the entire $150,000 in cash, the amount per share would be *de minimis* and the amount disbursed for the average class member about $32.00, less the cost of disbursement. Because the benefit to class members under such a plan would be so small and the detriment to counsel, at least in terms of another delay in receiving adequate compensation, potentially large, I have determined that the proposed fee structure is the most appropriate means of compensating counsel. I will approve the fee petition.